# EXHIBIT H



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NB/DJ:PSS                                         *271 Cadman Plaza East*
                                                     *Brooklyn, New York 11201*

December 4, 2013

<u>By ECF</u>

Honorable Joanna Seybert
United States District Court
100 Federal Plaza
Central Islip, New York 11722

                      Re:     <u>United States v. David H. Brooks, et al., 06 CR 550 (JS)</u>

Dear Judge Seybert:

          The government writes in response to the defendant's motion to compel disclosure of information regarding communications with the Court regarding allegations of a threat against the Court and others (hereinafter the "Motion"). As set forth below, the defendant is not entitled to any further disclosure. Nevertheless, to avoid further controversy, the Court has discretion to supplement the record to convey the Court's perception of the potential threat, which was ultimately discredited by the government.

          The defendant seeks information concerning communications between the U.S. Marshals Service (the "Marshals") and Your Honor. Specifically, the defendant seeks information from the period between November 6, 2012, when this Office and the Federal Bureau of Investigation ("FBI") received information about a potential threat against Your Honor and others and promptly notified the Marshals, and July 18, 2013, when this Office disclosed to the defendant the alleged threat, the resulting investigation and the government's conclusion that the allegation should not be credited. During the investigation, the FBI kept the Marshals apprised and, as the Court informed the parties on July 18, 2013, Your Honor "had been contacted regarding the investigation by way of the Marshal Service." July 18, 2013 Tr. at 3. Essentially, the defendant seeks communications between Your Honor and the Marshals concerning the threat investigation. For the reasons set forth below, the defendant is not entitled to any of the information requested.

1

First, to be clear, we are aware of no communication from this Office or the FBI to the Court regarding the threat investigation. To the extent any of the information the defendant now seeks exists, such information would be with the Marshals or with Chambers. Accordingly, the government has no responsive information.[1]

Second, no provision of law entitles the defendant to receive discovery from the Court or the Marshals regarding the threat investigation, let alone after judgment has been entered and a notice of appeal has been filed. Indeed, the defendant cites no authority to support his request.

Third, the defendant has waived any right to discovery as well as any right to move to recuse the Court, which would be the ultimate purpose of receiving such discovery. Motion at ¶7. Critically, on July 18, 2013, the date that the government disclosed the threat investigation, the Court inquired if the defendant would be filing a motion to recuse. July 18, 2013 Tr. at 9. Counsel responded, "I certainly don't believe so . . . I don't see why the Court should be affected by a baseless allegation." Id. Counsel subsequently consulted with the defendant "at some length" and advised the Court, in writing, that "Mr. Brooks has no intention of moving to recuse or disqualify the Court on the basis of the government's disclosure yesterday of an unsubstantiated and uncorroborated allegation of a threat of physical injury the government says it 'does not credit.'" Docket Entry No. 1766. The defendant's decision to forgo a recusal motion was supported (and likely informed by) cases holding that recusal is not appropriate where a judge is informed of a threat allegation and also told that the government does not credit the potential threat. See United States v. Yu-Leung, 51 F. 3d 116, 119-20 (2d Cir. 1995).

Instead of making a motion for recusal (or a motion for discovery akin to the instant motion) the defendant elected to wait until the completion of the sentencing proceedings. Indeed, the defendant was sentenced during proceedings that began August 8, 2013 and resulted in the entry of Judgment on August 22, 2013. At sentencing, the government sought a sentence of 30 years; the Guidelines called for life imprisonment and the Court sentenced the defendant to a significantly below-Guidelines sentence of only 17 years. The defendant filed his notice of appeal on August 26, 2013.

Now, five months after he was first informed of the threat investigation and three months after his sentencing, the defendant seeks discovery to determine if he wishes to make a recusal motion. His request is untimely and should be denied.

---

[1] The government has requested and received from the Marshals several USM-11s, which are internal reports reflecting the Marshals communications with the FBI concerning the threat investigation; these reports do not reflect any communications with Your Honor and we are aware of no arguable basis on which they are discoverable.

It is well settled that a party moving for recusal under Title 28, United States Code, Section 455 must do so in a timely manner. Indeed, the Second Circuit has ruled that timeliness is a "threshold" issue – that is, one to be evaluated before matters of substance are reached. See Apple v. Jewish Hospital and Medical Center, 829 F.2d 326, 333 (2d Cir.1987). In United States v. Brinkworth, 68 F.3d 633, 639-40 (2d Cir.1995), the Second Circuit held that one seeking disqualification must do so "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim" of disqualification. Thus, "[u]ntimeliness ... is ... a failure to seek recusal when it should first have been sought, that is, as soon as the facts on which it is premised are known to the parties." United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000), cert. denied, 529 U.S. 1061, 120 S.Ct. 1571, 146 L.Ed.2d 474 (2000). In deciding whether a recusal motion is timely, courts must "apply a four-factor test which asks whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." Apple, 829 F.2d at 334 (citations omitted). The reasons for this timeliness requirement are twofold:

> First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is holding back a recusal application as a fallback position in the event of adverse rulings on pending matters.

In re IBM Corp., 45 F.3d 641, 643 (2d Cir.1995).

In this case, in July 2013 when the threat investigation was revealed, the Court knew that sentencing was scheduled for August 2013 and appropriately flagged the issue for the defense asking, "Should I anticipate a recusal motion?" Rather than seeking additional discovery or moving to recuse the Court, the defendant waived this claim and asked the Court to proceed to the next step in the litigation: sentencing and entry of judgment. Now, the defendant seeks to revisit his decision, deploy a "fallback position" and seek additional discovery and a potential recusal motion. In his motion, the defendant offers no reason whatsoever for his failure to make this request earlier and does not even address the fact that he previously expressly waived his right to additional discovery and a recusal motion. The Second Circuit specifically limits a defendant's ability to play the system like this.

\*       \*       \*

Even though the defendant is not entitled to the information he seeks, it would be within the Court's discretion to supplement the record to convey its perception of the threat. In this regard, Judge Duffy's approach in the case of United States v.

Yousef, 1999 WL 714130, No. 93 CR 180 KTD (S.D.N.Y. Sept. 13, 1999) ("Yousef I")
and United States v. Yousef, 327 F. 3d 56, 166-170 (2d Cir. 2003) ("Yousef II") is
instructive.  In short, when faced with a similar motion for discovery in connection with a
recusal motion, Judge Duffy placed on the record his perception of the alleged threat and
made plain why his judgment was not impaired in any way by his knowledge of the
threat, which was ultimately discredited.

        The facts of Yousef are illustrative.  While Yousef was awaiting trial, a jail-
house informant named Scarpa, informed the government that Yousef was planning
terrorist activities against several people including a young prosecutor and an unnamed
federal judge.  Yousef I at *1.  The government set up a taint team to investigate the
threats and ultimately concluded that Scarpa's claims were a "hoax concocted by Scarpa
and Yousef to waste the government's time and energy as well as to set up Scarpa's
claims of cooperation in exchange for leniency." Id.  The government provided Judge
Duffy with various affidavits and other information concerning Scarpa's allegations of
terrorist threats (the "Scarpa Materials").[2]  The defendant sought discovery of the Scarpa
Materials and also sought the recusal of Judge Duffy based on speculation that he was the
targeted judge and that his "impartiality might reasonably be questioned." Yousef I at *2.
The court denied both the discovery motion and the recusal motion.

        Judge Duffy observed that "a defendant's alleged death threat against a
judge may, in extraordinary circumstances sufficiently raise the specter of partiality to
warrant the judge's recusal," but also noted that "recusal is not required simply because
the trial judge became aware of a defendant's alleged death threats directed at the court."
Id. (citations omitted).  Judge Duffy then looked to the "unique circumstances" of the
case before him and concluded that "there was not even the inkling of partiality" and that
he "never considered Yousef's alleged threats realistic or credible in any way."   Yousef
I at *3.  Differentiating the case of United States v. Greenspan, 26 F. 2d 1001 (10th Cir.
1994), where the presiding judge was made aware of a threat against him and
"accelerate[d] court procedures in order to reduce the risk to him and his family as he
perceived it," Judge Duffy noted that even though he knew of the threat, he never strayed
from his normal procedures in the Yousef case.  Id.

        So, too, here, Your Honor never strayed from normal procedures.  Between
November 6, 2012, when the threat first surfaced, and July 18, 2013, when the
government notified the parties of the discredited threat, the Court denied some of the
defendant's motions and granted some of his motions including motions to delay
sentencing.  Specifically, the Court granted a motion on consent of the defendant for him
to be subject to a psychological examination, Docket No. 1607; granted defendant's
motion to permit David B. Smith to argue as an additional counsel on behalf of Brooks,

---

        [2] To be abundantly clear, the government has not provided the Court with any similar
information in this case.

Docket No. 1606; granted defendant's motion to adjourn the deadline for objections to the PSR, Docket No. 1619; granted defendant's motion to adjourn sentencing, Docket Entry 1624; denied defendant's motion to release the grand jury minutes and dismiss the charges because the grand jury returning the original indictment against the defendant was a "nullity," Docket No. 1666; denied the defendant's request for reconsideration of a June 4, 2012 order concerning his mental competency, Docket no. 1669; and denied the defendant's motion to dismiss the indictment based on United States v. Skilling, Docket No. 1670.  Even more telling of the Court's lack of bias against the defendant:  when it came to sentencing, the defendant was facing a life sentence and the Court declined to impose such a sentence, significantly departing downward from from the Guidelines' and the government's recommendations.

In denying Yousef's discovery motion, Judge Duffy reasoned that because no evidence could support a finding of bias on his part, there was no basis for the Scarpa Materials to be disclosed on the speculative theory that they might be "material to the defense." Similarly here, even if there is any information that is responsive to the defendant's request in the possession of the Court or the Marshals Service, given the ultimate conclusion that the threat allegation should not be credited, such information could not support a motion for recusal where Your Honor has been objectively impartial. The defendant's motion should be denied.

Respectfully Submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/Patrick Sean Sinclair
Patrick Sean Sinclair
Assistant U.S. Attorney
(718) 254-6402