# EXHIBIT K

# DAVID M. GOLDSTEIN, P.A.
## CZIK LAW PLLC

401 Greenwich Street
New York, New York 10013
T: (212) 413-4462 • F: (212) 226-7555 • E:info@cziklaw.com

February 23, 2014

**BY ECF**
The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Sandra Hatfield and David Brooks
                Case No. 06 Cr. 550 (JS)

Dear Judge Seybert:

      This letter is submitted to address the recent letter by Tai Park, Esq. on February 13, 2014 and to supplement the pending recusal motion.

      On December 27, 2013, the defendant moved to recuse this Court pursuant to 28 U.S.C. §§ 144, 455(a), 455(b)(1), and the Due Process Clause of the United States Constitution. To date there has been no response from the government. Instead, seven weeks after Mr. Brooks filed his § 144 affidavit, Mr. Park submitted a letter to the Court stating, in sum and substance that he "fully stands by the statements made in the Greenberg Letter." See exhibit A. The Greenberg Letter was submitted to the Court on July 19, 2013. In the Greenberg Letter, Mr. Greenberg, states, again in sum and substance that Mr. Park Esq., met with Mr. Brooks on July 19, 2013, and that as a result of that meeting, Mr. Park confirmed that Mr. Brooks had no intention of moving to recuse or disqualify the Court. See exhibit B. Mr. Park's letter was inappropriate and we submit has no relevance to Mr. Brooks recusal motion because Mr. Brooks could not have waived his right to file a recusal motion under § 455(a), § 455(b) and the Due Process Clause of the United States Constitution with a letter from Mr. Parks.

      Section 455(e) provides that waiver of a ground for disqualification based on § 455(a) "may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification," while **waiver of disqualification under § 455(b) is not permissible at all**. Even if recusal were appropriate only under § 455(a), there are no possible grounds for waiver here, because even if the statements in Mr. Park's letter were true, there has been no "full disclosure on the record of the basis for disqualification." Mr. Greenberg's letter to the Court and/or Tai

Hon. Joanna Seybert
February 23, 2013
Page 2 of 4

Park's letter to the Court does not establish a proper or valid waiver pursuant to § 455(e). Mr. Brooks should have been presented to the Court and provided with full disclosure of the circumstances of the eight month covert investigation of the allegation that he sought to harm the Court. He then should have been provided the opportunity to consult with counsel, and then to provide a waiver before the Court on the record.

In any event, even a full waiver on the record would not be appropriate in the circumstances of this case. "While it is . . . permissible for a judge to accept a waiver of recusal . . . this option should be limited to marginal cases and should be exercised with the utmost restraint." *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989). A motion to recuse or disqualify the Court is a significant motion that substantially affects Mr. Brook's right to a fair and impartial judge, as well as his appellate rights. In holding that a defendant had not validly waived his disqualification claim even though he was apprised of the potential disqualifying circumstance, the Eleventh Circuit held as a general rule that "a federal judge should reach his own determination [on disqualification], without calling upon counsel to express their views." *Id.* The Court correctly explained that the "too frequent practice of advising counsel of a possible conflict, and asking counsel to indicate their approval of a judge's remaining in a particular case is fraught with potential coercive elements which make this practice undesirable." *Id.*

That principle is particularly crucial here because of Mr. Brooks' well documented competency issue. This Court has repeatedly inquired as to whether Mr. Brooks understood the issues being discussed in Court, and if he had received his medications. For example:

> THE COURT: In view of your lengthy documented history of taking certain medications, I ask you now: Have you gotten those medications today?
> THE DEFENDANT: Yes.
> THE COURT: Is there anything about those medications that would in any way inhibit your ability to understand these proceedings?
> THE DEFENDANT: No.
> THE COURT: Do you understand if you have any questions or you don't understand a question, you can speak with counsel before you answer, and the Court can rephrase any questions you don't understand?
> THE DEFENDANT: Yes.
> THE COURT: You are totally aware, I would think, of your rights to speak at this proceeding and to raise objections, as you have done over the last three years or so.
> THE DEFENDANT: Yes. Thank you.
> THE COURT: Are you satisfied with the services of your attorneys?
> THE DEFENDANT: Yes.

Hon. Joanna Seybert
February 23, 2013
Page **3** of **4**

See Transcript of August 15, 2013 at pg. 243. See also, August 7, 2013, August 8, 2013 and August 12, 2013

Given this documented history of mental competence issues, it would be entirely inappropriate for the Court to accept a waiver of such an important right without evaluating Mr. Brooks to determine if he in fact made a willing, knowing and intentional waiver of his right to file a recusal motion.

Mr. Park's recent letter is accordingly irrelevant to the resolution of Mr. Brooks's recusal motion. But even if the Court were to consider Mr. Park's letter, that letter at most warrants an evidentiary hearing. Mr. Park's letter (not a sworn statement) to Court is in direct contradiction to Mr. Brooks's sworn § 144 affidavit. See § 144 affidavit at 11. Mr. Park's letter is also undermined by other highly credible evidence. Attached to this submission, is a sworn affidavit of Bryan Skarlatos a managing partner at Kostelantez and Fink LLP. See exhibit C. Mr. Skarlatos is a well-respected member of the New York Bar and has appeared before this Court on numerous occasions. Mr. Skarlatos affidavit not only challenges Mr. Park's account of the alleged conversation with Mr. Brooks regarding the waiver, it also substantiates Mr. Brook sworn § 144 affidavit.

Mr. Park's letter is also inconsistent with the consistent defense practice in this case. Mr. Brooks throughout his representation has required that his attorneys secure written waivers regarding his case, as evidenced by several docket entries in this case. See exhibit D. There is simply no reason why Mr. Park, one of Mr. Brooks's lawyers at the time, would not have obtained a written waiver from Mr. Brooks stating that he waived his right to file a recusal motion, as it had been done so repeatedly in the past. Mr. Brooks's attorneys similarly failed to obtain a written waiver from Brooks for his appearance at that critical status conference where the Court first addressed the threat allegations. At the very least, one would have expected Mr. Park to raise the recusal issue while Mr. Mr. Skarlatos was present, so that there could have been a witness to the purported waiver, but as Mr. Skarlatos's sworn affidavit makes clear, no such conversation occurred.

Accordingly, it is evident that a evidentiary hearing is required to resolve the genuine issue of fact. However since the Court is precluded from deciding the merits of Mr. Brook's § 144 affidavit the defendant respectfully requests the Court refer this matter to another judge for briefing and a evidentiary hearing. In Berger v. United States, 25 U.S. 22 (1921), the Supreme Court made clear that disqualification of a judge premised upon a § 144 affidavit prohibits the presiding judge from ruling on the truth of the matters asserted in the affidavit.

> Nor is it our function to approve or disapprove it, but, we may say, that its solicitude is that the tribunals of the country shall not only be impartial in the controversies submitted to them but shall give assurance that they are impartial, free, to use the words of the section, from any 'bias or prejudice' that might disturb the normal course of impartial judgment. And to accomplish this end the section withdraws from the presiding judge a decision upon the truth of the

Hon. Joanna Seybert
February 23, 2013
Page 4 of 4

> matters alleged. Its explicit declaration is that upon the making and filing of the affidavit, the judge against whom it is directed 'shall proceed no further therein, but another judge shall be designated in the manner prescribed in ... section twenty-three to hear such matter.' And the reason is easy to divine. To commit to the judge a decision upon the truth of the facts gives chance for the evil against which the section is directed. The remedy by appeal is inadequate. It comes after the trial and if prejudice exist it has worked its evil and a judgment of it in a reviewing tribunal is precarious. It goes there fortified by presumptions, and nothing can be more elusive of estimate or decision than a disposition of a mind in which there is a personal ingredient.

Berger, 25 U.S. 22, 36 (1921).

    Wherefore, we respectfully request that the Court grant the defendant's motion to recuse or disqualify the Court or refer the matter to another Judge.

Respectfully submitted,

/s/_____
David Goldstein
*Attorney for David Brooks*

# NEWMAN & GREENBERG
## ATTORNEYS

950 THIRD AVENUE
NEW YORK, N.Y. 10022
TEL: (212) 308-7900
FAX: (212) 826-3273

RICHARD A. GREENBERG
STEVEN Y. YUROWITZ

OF COUNSEL:
GUSTAVE H. NEWMAN
———
WILLIAM J. DOBIE

July 19, 2013

**By Email**
Hon. Joanna Seybert
United States District Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *United States v. Hatfield, et al.*
Indict. No. CR-06-550 (JS)

Dear Judge Seybert:

Pursuant to the Court's instruction during the telephonic proceedings yesterday in the above-entitled matter, Tai Park, Esq., met and consulted with Mr. Brooks at some length today. On the basis of Mr. Park's report of his meeting with Mr. Brooks, I can now confirm for the Court the assumption I made and announced yesterday during the proceedings: Mr. Brooks has no intention of moving to recuse or disqualify the Court on the basis of the government's disclosure yesterday of an unsubstantiated and uncorroborated allegation of a threat of physical injury the government says it "does not credit." Thank you for your consideration of this matter.

Very truly yours,

Richard A. Greenberg

cc: AUSA Patrick Sinclair (by email)
    All Brooks Defense Counsel (by email)

# PARK & JENSEN LLP

630 THIRD AVENUE
SEVENTH FLOOR
NEW YORK, NEW YORK 10017

(646) 200-6300

WWW.PARKJENSEN.COM

TAI H. PARK
TPARK@PARKJENSEN.COM
DIRECT DIAL (646) 200-6310
FACSIMILE (646) 200-6311

February 13, 2014

BY FAX

Hon. Joanna Seybert
United States District Judge
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

Re:   United States v. Brooks, No. S2 06 Cr. 550 (JS) (AKT)

Dear Judge Seybert:

I have reviewed a copy of the Affidavit of David Brooks dated December 27, 2013 in support of his motion for recusal ("Brooks Aff."). Mr. Brooks states on page 11 of his affidavit that he "had no discussion with any attorney regarding the possibility of recusal" and that he "never agreed to waive the issue [of recusal]." With respect to Richard Greenberg's July 19, 2013 letter to the Court, which states that I had met with Mr. Brooks that day and that "Mr. Brooks has no intention of moving to recuse or disqualify the Court" (the "Greenberg Letter"), Mr. Brooks "disavow[s] the assertions" contained in that letter.

Because the Greenberg Letter was based on information provided by me, Mr. Brooks' affidavit effectively accuses me of participating in a false representation to the Court. Given the serious nature of such an accusation, I write to make clear to the Court, and have communicated to the Government, that I deny that accusation, and fully stand by the statements made in the Greenberg Letter.

Respectfully submitted,

Tai Park

cc (via email):
AUSA Chris Caffarone
AUSA Patrick Sinclair

Hon. Joanna Seybert
February 13, 2014
Page 2

        Gerald L. Shargel, Esq.
        David M. Goldstein, Esq.

## AFFIRMATION OF BRYAN C. SKARLATOS

I, Bryan C. Skarlatos, an attorney admitted to practice before this Court and the Courts of the State of New York, hereby affirm under penalty of perjury as follows:

1. I am a member of the bar of the State of New York and am a partner in the New York City law firm of Kostelanetz & Fink, LLP.

2. I represent David Brooks in various matters.

3. In the morning of July 19, 2013, I was meeting with David Brooks in an attorney interview room at the Metropolitan Detention Center in Brooklyn, New York.

4. During the meeting, Tai Park, Esq., came into the attorney interview room where Mr. Brooks and I were talking.

5. After approximately one hour, I finished my meeting with Mr. Brooks and I left.

6. At no point while I was in the attorney interview room with Mr. Brooks and Mr. Park did I hear any discussion about an alleged threat against Judge Seybert or Mr. Brooks waiving his right to make a motion to rescue Judge Seybert.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

*[signature]*
Bryan C. Skarlatos

Dated December 10, 2013

**NEWMAN & GREENBERG**
ATTORNEYS

950 THIRD AVENUE
NEW YORK, N.Y. 10022
TEL: (212) 308-7900
FAX: (212) 826-3273

RICHARD A. GREENBERG  
STEVEN Y. YUROWITZ

OF COUNSEL:  
GUSTAVE H. NEWMAN  
WILLIAM J. DOBIE

June 7, 2013

**By ECF**  
Hon. Joanna Seybert  
United States District Judge  
100 Federal Plaza  
Central Islip, New York 11722

       Re: *United States v. Hatfield et al.*  
       Indict. No. CR-06-550 (JS)  
       **(Defendant Brooks's Waiver of His Right to Appear**  
       **and Be Present At Status Conference)**

Dear Judge Seybert:

  I am one of the attorneys representing David Brooks in post-trial proceedings. I write now to request that Your Honor excuse Mr. Brooks from being produced and attending at the status conference now scheduled for Wednesday, June 12, 2013. His signed waiver of his right to be present is attached to this letter.

  I understand that producing Mr. Brooks for the conference and returning him to the MDC after the conference would result in a long, arduous day for him. In my understanding, he is moved from his cell at the MDC at approximately 5:00 AM, and is not returned to his cell until approximately 8:00 PM, and during that lengthy period his meals and hygiene are catch-as-catch-can. Moreover, in counsel's view, Mr. Brooks can contribute nothing substantive at the status conference, and his presence would therefore be unnecessary and serve no useful purpose. Finally, he will be able to review the transcript of the proceedings.

  For these reasons, I request the Mr. Brooks be excused from attending the status conference on June 12, and that Your Honor issue an order or direction to that effect. The government has informed me that it opposes this application.

              Respectfully submitted,

              Richard A. Greenberg

cc.: AUSA Christopher Caffarone (by ECF)

## WAIVER OF RIGHT TO BE PRESENT AT STATUS CONFERENCE

United States v. David Brooks
Indictment No. 06-CR-550 (JS)
Eastern District of New York

I, David Brooks, have been advised by counsel in this matter that I have a right to be present at the status conference scheduled for Wednesday, June 12, 2013, at the Central Islip courthouse. I have also been advised that, should the Court permit me to do so, I can waive my right to be present at the status conference. Because of the extraordinary time, effort and burden imposed on me by attending any proceeding at the courthouse in Central Islip, I would like to be excused from attending the conference on June 12, 2013, which in my understanding will only be dealing with procedural matters. Accordingly, I hereby knowingly and voluntarily waive my right to be present at the status conference on June 12, 2013, and respectfully ask the Court to excuse me from attending that status conference.

David H. Brooks

Dated: Brooklyn, New York
June 6, 2013

**PARK & JENSEN LLP**

630 THIRD AVENUE
SEVENTH FLOOR
NEW YORK, NEW YORK 10017
(646) 200 - 6300
WWW.PARKJENSEN.COM

TAI H. PARK
TPARK@PARKJENSEN.COM
DIRECT DIAL (646) 200-6310
TELECOPIER (646) 200-6311

October 24, 2013

**BY ECF**

Hon. Joanna Seybert
United States District Judge
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

              Re:  <u>United States v. Brooks</u>, No. S2 06 Cr. 550 (JS) (AKT)

Dear Judge Seybert:

      This letter is respectfully submitted to request that the Court excuse Mr. Brooks from being produced and attending the status conference now scheduled for Tuesday, October 29, 2013. Mr. Brooks's waiver of his right to be present, transmitted to counsel via the email system of the Bureau of Prisons, is attached to this letter. The government has no objection to this request.

      Producing Mr. Brooks for the conference and returning him to the MDC after the conference would result in a long, arduous day for him in which he would be removed from his cell at the MDC at approximately 5:00 a.m., and not returned until much later in the day. In addition, the status conference is now scheduled on the lone day of the week in which Mr. Brooks enjoys a social visit from his family, entailing a further burden on his part. Finally, in counsel's view, Mr. Brooks can contribute nothing substantive at the status conference, and his presence would therefore be unnecessary.

      For these reasons, we request that Mr. Brooks be excused from attending the status conference on October 29. If Your Honor approves this request, the government has agreed not to put in an order for Mr. Brooks's production.

                                                                      Very truly yours,

                                                                      Tai H. Park

Encl.

cc:    David H. Brooks (via hand delivery)
        AUSA Christopher Caffarone (via electronic mail)

# Eyal Dror

| | |
|---|---|
| **From:** | BROOKS DAVID HOWARD (72066053) |
| **Sent Date:** | Thursday, October 24, 2013 10:21 AM |
| **To:** | edror@parkjensen.com |
| **Subject:** | Status Conference Waiver |

Dear Tai

   I Received your written waiver in respect to the October 29, 2013 status conference... Please consider this my notice to you of my waiver of my appearance at that hearing. Please inform the Honorable Judge Seybert of this waiver...

Thank You
David Brooks

# Aaron Hendel

| | |
|---|---|
| **From:** | BROOKS DAVID HOWARD (72066053) |
| **Sent Date:** | Thursday, October 24, 2013 2:39 PM |
| **To:** | aaron_teambrooks@hotmail.com |
| **Subject:** | RE: RE: Status Conference Waiver |

eyal

why was so much added..

David
-----Dror, Eyal on 10/24/2013 1:51 PM wrote:

>

Thanks David. I filed Tai's request with your email a short while ago.
Below is the text of the request . . .

Dear Judge Seybert:

This letter is respectfully submitted to request that the Court excuse Mr. Brooks from being produced and attending the status conference now scheduled for Tuesday, October 29, 2013. Mr. Brooks s waiver of his right to be present, transmitted to counsel via the email system of the Bureau of Prisons, is attached to this letter. The government has no objection to this request.

Producing Mr. Brooks for the conference and returning him to the MDC after the conference would result in a long, arduous day for him in which he would be removed from his cell at the MDC at approximately 5:00 a.m., and not returned until much later in the day. In addition, the status conference is now scheduled on the lone day of the week in which Mr. Brooks enjoys a social visit from his family, entailing a further burden on his part. Finally, in counsel s view, Mr. Brooks can contribute nothing substantive at the status conference, and his presence would therefore be unnecessary.

For these reasons, we request that Mr. Brooks be excused from attending the status conference on October 29. If Your Honor approves this request, the government has agreed not to put in an order for Mr. Brooks s production.


DAVID HOWARD BROOKS on 10/24/2013 10:21:26 AM wrote
Dear Tai

   I Received your written waiver in respect to the October 29, 2013 status conference... Please consider this my notice to you of my waiver of my appearance at that hearing. Please inform the Honorable Judge Seybert of this waiver...

Thank You
David Brooks